**[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

No. 99-1249

UNITED STATES OF AMERICA,

Appellee,

v.

HANSEL NUÑEZ,

Defendant, Appellant.

No. 99-1250

UNITED STATES OF AMERICA,

Appellee,

v.

EDDISON NUÑEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Lynch, Circuit Judge,
Coffin, Senior Circuit Judge, and
Schwarzer,[*] Senior District Judge.

[*] Of the Northern District of California, sitting by designation.

_____________________

Howard R. Leader for appellants.

Thomas F. Klumper, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco, Assistant United States Attorney, were on the brief, for appellee.

_______________

JUNE 6, 2001

_______________

**SCHWARZER, Senior District Judge.** Appellants Eddison and Hansel NuÁez appeal their conviction on two counts of conspiracy to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. They contend that the district court erred in denying: (1) their motion for a new trial based on what they claim is newly discovered evidence of trial counsel's ineffective assistance; (2) their motion for a downward departure; and (3) their request for a sentence adjustment for acceptance of responsibility.

## I. MOTION FOR NEW TRIAL

Eddison and Hansel, brothers who were born in the Dominican Republic but are lawful permanent residents of this country, were originally represented by attorneys Carlos Pérez-Olivo and Guillermo Batille-Olivo, respectively. On January 31, 1997, following a jury trial, they were found guilty on both counts. On August 26, 1998, more than a year and a half after the verdict but before sentencing, appellants, represented by new counsel, moved for a new trial pursuant to Federal Rule of Criminal Procedure 33. Their motion was based on ineffective assistance of counsel claims. In supporting declarations, they alleged that they had not discovered until after trial that their counsel had failed to inform them of the government's interest in a plea bargain and that counsel had instead actively discouraged, if not prevented, them from negotiating a plea or cooperation agreement with

the government. They alleged that this was due in part to attorney Pérez-Olivo’s conflicting loyalty to another client who might have been prejudiced by their cooperation with the government. They also alleged that counsel misled them by minimizing and misstating the government’s evidence against them and by failing to advise them about the consequences of going to trial and to provide them with guidance regarding sentencing procedures. The district court denied the motion without prejudice on January 5, 1999.

Rule 33 requires that a motion for a new trial on grounds other than newly discovered evidence be filed within seven days after the verdict. Fed. R. Crim. P. 33. If based on newly discovered evidence, the motion must be made within three years after the verdict. Id.; see also United States v. Lema, 909 F.2d 561, 566 n.6 (1st Cir. 1990) (holding that a defendant whose new trial motion is based on the alleged ineffectiveness of trial counsel "may bypass Rule 33's seven-day time limit only if his claim that his counsel . . . [was ineffective] was based on information unavailable to the defendant at the time of trial").

"A motion for new trial based on newly discovered evidence will not be allowed unless the movant establishes that the evidence was: (i) unknown or unavailable at the time of trial, (ii) despite due diligence, (iii) material, and (iv) likely to result in an acquittal upon retrial." United States v. Tibolt, 72 F.3d 965, 971

(1st Cir. 1995). Under the fourth requirement, "the evidence must create an actual probability that an acquittal would have resulted if the evidence had been available." United States v. Sepulveda, 15 F.3d 1216, 1220 (1st Cir. 1993).

The district court, assuming arguendo that the first two requirements were met, concluded that appellants failed to meet the remaining requirements because their claims of ineffective assistance of counsel were immaterial and unlikely to result in an acquittal upon retrial because they had no bearing on the issue of guilt. Appellants’ claims therefore were not based on newly discovered evidence for purposes of Rule 33 and were jurisdictionally barred. See Lema, 909 F.2d at 565 ("[R]ule [33] is jurisdictional, and the district court is without discretion to grant a motion for new trial that is not timely filed.").

We review the district court's denial of the motion for a new trial for "manifest abuse of discretion." United States v. Montilla-Rivera, 115 F.3d 1060, 1064 (1st Cir. 1997). Appellants do not address the grounds on which the district court denied their motion, i.e., that their claims of ineffective assistance are immaterial and unlikely to result in an acquittal. Instead they argue that given the "breadth and sophistication of the government’s case against them" and the heavy punishment they faced, their counsel were ineffective in failing to negotiate a favorable bargain for them in

exchange for cooperation. While appellants may have a viable claim for post-conviction relief, see United States v. Rodriguez Rodriguez, 929 F.2d 747 (1st Cir. 1991)--an issue on which we express no opinion--they have failed to show error in the district court's denial of their motion. Nor, as appellants had not yet been sentenced at the time of their motion, do we find error in the court's failing to treat the Rule 33 motion as one filed pursuant to 28 U.S.C. § 2255.

## II. DOWNWARD DEPARTURES UNDER § 5K2.0

In their Rule 33 motion, appellants moved in the alternative for a downward departure. They argue that the district court should have exercised its discretion to depart under UNITED STATES SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 5K2.0 (1998) and 18 U.S.C. § 3553(b) because of the misconduct of their counsel on which their new trial motion was based. The district court considered the various grounds presented by appellants and found they did not warrant a departure.

A district court's refusal to depart downward is not appealable. See United States v. Tardiff, 969 F.2d 1283, 1290 (1st Cir. 1992). Where, as here, the district court recognized that it had discretion to depart but decided that the factors cited by appellants did not warrant a departure, we are without jurisdiction to review its decision.

## III. ACCEPTANCE OF RESPONSIBILITY UNDER § 3E1.1

Finally, appellants contend, on the same grounds on which their new trial motion was based, that the district court erred in denying them a two-point adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) (1998). Acknowledging that defendants who put the government to its proof at trial are rarely awarded such an adjustment, they argue that they were prevented from actively demonstrating acceptance of responsibility by trial counsel’s obstruction. They also contend that they made substantial efforts to cooperate after obtaining new counsel post-trial.

The adjustment for acceptance of responsibility is applicable when "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Only in rare circumstances will a defendant who elects to go to trial qualify for this adjustment. See United States v. Baltas, 236 F.3d 27, 37 (1st Cir. 2001); see also U.S.S.G. § 3E1.1(a), App. Note 2 (1998) (noting that "[i]n rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial"). The burden is on the defendant to demonstrate that he or she should have received the reduction. See United States v. Rosario-Peralta, 199 F.3d 552, 570 (1st Cir. 1999). Here, the district court found no indication in the record of any "rare circumstances" warranting the adjustment after appellants had put the government to its burden of proof at trial. See id.

We discern no clear error in the district court’s denial. Baltas, 236 F.3d 37. Our conclusion is reinforced by the tenor of appellants’ allocution at sentencing which, rather than reflecting remorse, was devoted largely to an attack on their former attorneys.

The judgment is affirmed.